IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAZS A. HARPER, #B83567,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BRADLEY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 23-cv-00912-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　Plaintiff Eazs Harper, an inmate of the Illinois Department of Corrections, filed this civil action while incarcerated at Pontiac Correctional Center pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Menard Correctional Center (Menard). Plaintiff claims that while at Menard in 2020, correctional officers failed to protect him from attack by other inmates. After reviewing the Complaint pursuant to Section 1915A, Plaintiff is proceeding on an Eighth Amendment claim for failure to protect against Defendants Meade, Crain, Wooley, Qualls, Koronda, Gordon, Bradley, White, Johnson, Agne, Diday, Zane, Major, Bennett, Garcia, Elizabeth, Linguini, Quertemous, Evans, Kirtchmere, Curry, and Fitzgerald (Count 1); an Eighth Amendment claim against Defendants Elizabeth, Major, Fitzgerald, and Bennett for refusing Plaintiff medical care after he was attacked on July 7, 2020 (Count 2); and a claim pursuant to Illinois state law for assault and battery against Defendants Qualls, Koronda, Bennett, Major, Garcia, and Fitzgerald (Count 5). (Doc. 11).

　　On April 19, 2024, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 47). In the Motion, Plaintiff asserts that he was transferred back to

Menard on April 3, 2024. He states that he was asked about suing Defendant Koronda by two correctional officers named Bent and Hart. The officers then excessively sprayed him with mace while he was naked. They sprayed him directly in the face with his head pulled back by his hair and in his anus. The officers also beat him. Plaintiff was denied medical care by Bent and Hart and a nurse identified as Morgan.

The officers placed Plaintiff in a segregation cell with the water turned off, and he had no way to rinse the mace from his eyes and body. As of filing this Motion, Plaintiff has been denied meals during the 3-11 shift when Bent is working, a shower, and medical care. Plaintiff also asserts that he has been denied access to his property and legal work. He asks the Court to intervene to prevent further retaliatory conduct by Bent and Hart.

In order to obtain relief, whether through a temporary restraining order (TRO) or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Here, Plaintiff does not seek relief related to the allegations in his case, which assert that Defendants failed to protect him from fellow inmates almost four years ago in 2020. He asks the Court to issue a TRO and preliminary injunction based on new allegations of retaliation and excessive force, which have occurred since filing the Complaint. These new claims are asserted against individuals who are not parties to this case. A motion for a TRO or preliminary injunction is not a proper avenue for Plaintiff to add claims and individuals to this lawsuit. Accordingly, because the request for a TRO and preliminary injunction pertain to recent events that are outside the scope of the Complaint, the Motion is **DENIED without prejudice.**

The Court, however, finds the allegations in the Motion extremely concerning. Thus, to the extent that Plaintiff wishes to prosecute these new claims, the Clerk of Court will be directed to open a new case and file the Motion (Doc. 47) as a motion for temporary restraining order and preliminary injunction. Plaintiff will be given two weeks to inform the Court whether he wants to proceed with the newly opened case and to file a formal complaint. In order to expedite a response to these concerning allegations, Anthony Wills will be **ADDED** to the new case as a defendant, in his official capacity only.

#### DISPOSITION

For the reasons stated above, the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 47) is **DENIED.** The Clerk of Court is **DIRECTED** to open a new case with Hart, Bent, Morgan, and Anthony Wills (official capacity only) named as defendants. The Clerk of Court is further **DIRECTED** to file the following documents in the new case:

- This Memorandum and Order; and
- The Motion for Preliminary Injunction and Temporary Restraining Order.

Once the new case is opened, the Clerk of Court will be directed to mail the Court's Order and Motion to Warden Anthony Wills, and he will have fourteen days to file a response to the

pending motion for temporary restraining order and preliminary injunction in that case.

Plaintiff is advised that in the new case, he will be instructed to notify the Court in writing whether he wishes to proceed with the new lawsuit and to file a complaint. It he chooses to go forward, he will be assessed and required to pay an additional filing fee. In the alternative, Plaintiff can opt not to proceed with the new lawsuit, and thereby avoiding the risk of a strike and the financial burden of an additional filing fee.

**IT IS SO ORDERED.**

**DATED:** April 22, 2024

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**