IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAZ A. HARPER,<br><br>          Plaintiff,<br><br>v.<br><br>CHRISTOPHER BRADLEY, *et al.*,<br><br>          Defendants. | Case No. 23-cv-0912-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various matters.

**I.    Motion for Reconsideration filed by Plaintiff (Doc. 90)**

Defendants Gordon and Lee filed a motion to dismiss on June 6, 2024, arguing that Plaintiff's Eighth Amendment claim against them was barred by the statute of limitations. (Doc. 60, 61). Plaintiff did not file a response in opposition, and on February 7, 2025, the motion was granted. (Doc. 81).

Plaintiff has now filed a motion pursuant to Federal Rule of Civil Procedure 60(b) arguing that the Court should reconsider the dismissal of Lee and Gordon because staff misconduct caused him to miss the deadline to file a brief in opposition to the motion to dismiss. He states that he gave his response to the motion to prison staff to be electronically filed during the 11 p.m. to 7 a.m. shift on September 18-19, 2024. (Doc. 90, p. 2). Towards the end of September, he discovered that staff was tampering with and withholding his court filings when he sent a note to the law library asking for his original to be returned with copies. In response to his note, the law library wrote that they had not received any "e-file requests" from him. (Doc. 92, p. 4). Plaintiff then

resubmitted his response for filing by giving it to Counselor Young on October 23, 2024. (Doc. 92, p. 4). Plaintiff was unaware that the resubmitted response was also not filed with the Court until he received a copy of the Court's dismissal order. (Doc. 91, p. 1). Because he has been denied access to the courts, Plaintiff states that the Court committed error in granting the motion. (Doc. 92, p. 1). He asks for the Court to grant relief from the dismissal order and afford him thirty days to file his response brief. (Doc. 1, p. 6). Defendants oppose the motion, and Plaintiff filed a reply. (Doc. 93, 94).

Although Plaintiff has filed his motion pursuant to Federal Rule of Civil Procedure 60(b), the Court finds that Rule 54(b) is the proper mechanism for reviewing Plaintiff's request. Rule 60(b) provides relief from "a final judgment or order in a narrow set of circumstances," *Knowlton v. City of Wauwatosa,* No. 20-CV-1660, 2023 WL 2869846, at *1 (E.D. Wisc. Apr. 10, 2023) (citations omitted), while Federal Rule of Civil Procedure 54(b) grants the Court the discretion to reconsider interlocutory orders. In this case, there are still claims pending, and the Court has not issued a final order or judgment. Thus, the dismissal order was interlocutory in nature and not a final judgment "under which Rule 60(b) applies." *Knowlton v. City of Wauwatosa,* No. 20-CV-1660, 2023 WL 2869846, at *1 (E.D. Wisc. Apr. 10, 2023) (discussing a summary judgment order as an interlocutory order). *See also Int'l Union of Operating Eng'rs v. Barrington Excavating,* No. 23 C 15257, 2024 WL 3888902, at *1 (N.D. Ill. Aug. 21, 2024 (citations omitted).

Motions for reconsideration under Rule 54(b) generally serve "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Manifest error occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Schmelzer v. Animal Wellness Ctr. Of Monee, LLC,* 2022 WL 3650675, at *1 (N.D. Ill. Aug. 1, 2022) (quoting

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft*, 388 F. 3d 247, 249 (7th Cir. 2004).

Here, Plaintiff has failed to demonstrate error of law or fact made by the Court in the order dismissing Lee and Gordon. Plaintiff does not address the statute of limitations argument at all. He focuses his arguments on how he was denied due process because his legal documents were confiscated or mishandled causing him to miss the response deadline. Even if Plaintiff had not been thwarted by staff misconduct and successfully submitted his response to the Court on September 18, 2024, the response would have been untimely by over two months. *See Yancick v. Hanna Steel Corp.,* 653 F. 3d 532, 538- 539 (7th Cir. 2011) (finding no abuse of discretion when a district court requires adherence to a deadline). The deadline to respond to the motion to dismiss was July 6, 2024. Plaintiff does not provide any explanation specifically addressing the delay and warranting an extension. *See* FED. R. CIV. P. 6(b). His general claim that he has been denied "any and all legal property, case filing, since his arrival of April 3, 2024, at Menard Correctional Center facility," (Doc. 90, p. 3) is not supported by the record and does not show excusable neglect.[1] Thus, the Court did not "unfairly" grant the motion without response from Plaintiff.

The Court notes that, based on the exhibits cited to by Plaintiff to demonstrate that he twice attempted to send his response to the Court, he appears to be confusing this case with another civil case he is litigating in this district. Exhibit A-1-B is a copy of the letter he sent to the law library in which he seeks copies of "legal documents" that had been sent to be copied and electronically

---

[1] Plaintiff has continued to successfully file documents and respond to court orders in this case (see Doc. 47, 51, 65) and his other civil case *Harper v. Hart,* No. 24-cv-01157-DWD, Doc. 47 (S.D. Ill. filed on April 23, 2024) (Doc. 6, 7, 24, 48, 49, 50, 53, 55, 62).

filed on September 19, 2024. (Doc. 92, p. 4). In the letter, Plaintiff states that his "deadline is Sept. 27 to have my case to court and send a copy to state attorney office." (*Id.*). Plaintiff did not have a September 27 deadline in *this case*, but he did have until September 27, 2024, to submit initial disclosures to the defendants in Case No. 24-cv-01157-DWD. *Harper v. Hart,* No. 24-cv-01157-DWD, Doc. 47 (S.D. Ill. *filed on* April 23, 2024). Similarly, Plaintiff claims he resubmitted his response to the motion to dismiss on October 23, 2024, and he points to an exhibit confirming his submission. Exhibit A-1-C is a note from clinical services stating that Plaintiff's electronic filing was completed "On 10/23/24[,] 2 efile requests received by law library. One w/no case # [and] one w/case # 3:24-cv-1157-DWD. Both were sent to Southern District." (Doc. 92, p. 5). On October 23, 2024, in Case No. 24-cv-01157-DWD, Plaintiff's electronic filing cover sheet indicates that he filed a (1) complaint, notice of filing, and application to proceed without costs; and (2) a motion for leave to file an amended complaint. *Harper v. Hart,* Doc. 48-1, p. 9. The docket reflects that these documents were successfully filed in Case No. 24-cv-01157-DWD. The document received by the Court without a case number was title "Motion for Preliminary Injunctions to Produce Documents/Evidence," and had the case caption *Harper v. Illinois State Police Dept*. The Clerk's Office was instructed to send Plaintiff a letter stating that he would need to provide more information or initiate a new civil case if he wanted this document filed. Based on these exhibits, there is nothing to support Plaintiff's contention that he attempted to file a response in this case on September 18, 2024, and then again on October 23, 2024.

Because Plaintiff has failed to demonstrate an error of law or fact in the Court's order dismissing Defendants Lee and Gordon, even without receiving a response from Plaintiff, the motion for reconsideration is **DENIED**. (Doc. 90).

II.     **Motion Requesting for Assistance in Proceeding filed by Plaintiff (Doc. 91)**

Plaintiff's motion "requesting assistance in proceeding" is **GRANTED in part** and

**DENIED in part.** (Doc. 91). The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet and a copy of the Initial Scheduling Order at Doc. 82, detailing the deadlines in this case. If Plaintiff desires copies of any of the other filings, he may file a motion for copies of the documents by title and document number, along with prepayment of the $0.50 per page copying fee. Plaintiff should contact his law library in order to access the Federal Rules of Civil Procedure. The Clerk of Court will send Plaintiff a copy of the Local Rules of the Southern District of Illinois after receiving prepayment of the required fee of $3.00.

### III.   Show Cause Order

On October 1, 2024, the Court directed Defendant Lenzini to show cause why he should not be assessed the expenses incurred for attempting service. (Doc. 78). Lenzini has demonstrated good cause for not timely returning the request for waived (Doc. 80), and the Show Cause Order is **DEEMED SATISFIED.**

**IT IS SO ORDERED.**

**DATED:   May 6, 2025**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**