IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAZS A. HAPER,<br><br>    **Plaintiff,**<br><br>v.<br><br>CHRISTOPHER BRADLEY, *et al.*,<br><br>    **Defendants.** | Case No. 23-cv-00912-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

   This matter is before the Court on the Motion for Judgment on the Pleadings filed pursuant to Federal Rules of Civil Procedure 12(c), 12(d), and 56(a) by Defendants Maynard Agne, Andrew Bennett, Christopher Bradley, Christopher Clutts, David Crain, Gretchen Curry, Brandon Dilday, Eric Evans, Zachary Fitzgerald, Daniel Garcia, Andrea Johnson, Elizabeth Knop, Lance Korando, John Lenzini, Matthew Major, Joshua K. Meade, William Qualls, Seth Quertermous, Sarah Wooley, and Caleb Zang. (Doc. 99). For the following reasons the Motion is denied.

### BACKGROUND

   Plaintiff Eazs Harper, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center (Menard), initiated this civil rights action pro se alleging violations of his constitutional rights. In the Complaint, Plaintiff asserts he is a former member of the gang Gangster Disciples and that from February through July 2020, he faced harassment and attacks from other gang-affiliated inmates at Menard. Despite informing staff that his safety was in danger, he was repeatedly denied protective custody and celled with inmates who were gang members. Plaintiff claims that during this period he was attacked by four different

cellmates. (*See generally* Docs. 1, 11). Plaintiff is proceeding on an Eighth Amendment claim against Meade, Crain, Wooley, Qualls, Korando, Bradley, Johnson, Agne, Dilday, Zang, Major, Bennett, Garcia, Knop, Lenzini, Quertermous, Evans, Clutts, Curry, and Fitzgerald for failing to protect him from other inmates; an Eighth Amendment claim against Knop, Major, Fitzgerald, and Bennett for denying Plaintiff medical care after he weas attacked by his cellmate on July 7, 2020; and an Illinois state law claim of assault and battery against Qualls, Korando, Bennett, Major, Garcia, and Fitzgerald.

Defendants seek judgment in their favor because they argue Plaintiff's claims against them are barred by the statute of limitations. (Doc. 99). Plaintiff has filed a response in opposition. (Doc. 110).

## LEGAL STANDARD

Defendants filed their Motion for Judgment on the Pleadings pursuant to Rule 12(c), 12(d) and 56(a). Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court applies the same standards for 12(c) motions that are applied when reviewing motions to dismiss under Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). The Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). In other words, the Court "view[s] the facts in the complaint in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. Nat. Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 2000).

Because Plaintiff has filed exhibits along with his Response, the Court must first decide what to do with these documents. When ruling on a motion to dismiss, usually the Court is limited to considering only a plaintiff's complaint and any exhibits or documents attached. The Court,

however, may also consider documents attached to a motion to dismiss or a response in opposition, so long as the documents "are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994); *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2022); FED R. CIV. P. 10(c); *see also Metz v. Joe Rizza Imports, Inc.*, No. 09 c 3178, 2010 WL 1253922, at * 3 (N.D. Ill. March 23, 2010) (the rule allowing a court to consider attachments to a motion to dismiss "logically extends to documents attached to a plaintiff's response"). When "matters outside the pleadings are presented," Federal Rule of Civil Procedure Rule 12(d) prescribes that the Court must either convert the 12(c) motion into a motion for summary judgment or exclude the attached documents and continue its analysis under Rule 12. FED. R. CIV. P. 12(d); *see also Watkins v. Mohan,* 144 F.4th 926, 941 (7th Cir. 2025). If the Court decides to convert the motion, the parties must be "given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Importantly, it is up to the Court's discretion in determining whether to convert a motion to dismiss into a motion for summary judgment. *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998) (citing *Venture Ass'ns Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Although Defendants reference Rules 12(d) and 56(a) in the opening paragraph of their Motion, they have not asked the Court to consider any documents outside of the pleadings. Plaintiff, on the other hand, has attached to his Response in opposition the following: (1) a copy of a grievance response; (2) a copy of the motion titled "Motion to the Court of Clerk Requesting Access to File his Complaint into the Court Late," which was filed by Plaintiff with the Complaint (*see* Doc. 2); and (3) a copy of his cumulative counseling summary. These exhibits are filed to support his argument for the application of the prison mailbox rule and equitable tolling of the statute of limitations. Plaintiff titles his Response "Motion in Opposition and/or Responding to Defendants' Summary Judgment Motion Pursuant to Rule 56(c) and Rule 56(e) of the Fed. R. Civ.

P." (Doc. 110, p. 1). In the Response, he argues there is a "genuine issue of fact" regarding whether he was impeded from timely filing his Complaint. (*Id.* at p. 7).

In this instance, the Court will not convert Defendants' Motion for Judgment on the Pleadings into a motion for summary judgment pursuant to Rule 12(d). Even though Plaintiff labels the Response as a response to Defendants' summary judgment motion, neither his Complaint nor his Response can be treated as affidavits, unsworn declarations pursuant to 28 U.S.C. §1746, or any other evidence in the record as required by Rule 56. *See* FED. R. CIV. P. 56(c); *Watkins,* 144 F.4th at 941 (stating that because the "generalized allegations in [the plaintiff's] response brief on which the court relied were not presented in affidavit form," the district court was correct in not converting the defendants' motion to dismiss into a motion for summary judgment); *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) (noting that a verified complaint "can be considered 'affidavit material' provided" that the complaint is otherwise in compliance with Rule 56 and 28 U.S.C. §1746, but it is a practice not commended). Nor will the Court consider the exhibits attached to Plaintiff's Response in ruling on the Motion for Judgment on the Pleadings. The documents are outside the pleadings, as they are more central to Defendants' statute of limitations affirmative defense than to Plaintiff's claims of failure to protect and denial of medical care. *See Truhlar v. John Grace Branch No. 825 of the Nat'l Ass'n of Letter Carriers,* No. 06 C 2232, 2007 WL 1030237, at *6–7 (N.D. Ill. 2007). Thus, Plaintiff's additional exhibits are excluded from the Court's review.

## ANALYSIS

Defendants argue that Plaintiff's claims against them should be dismissed with prejudice because Plaintiff filed his lawsuit after the statute of limitations had expired. The parties are in agreement that the statute of limitations for a Section 1983 claim is two years, *see O'Gorman v. City of Chi.,* 777 F.3d 885, 889 (7th Cir. 2015)*,* and Plaintiff does not refute Defendants' assertion

that the two-year statute of limitations in this case began to run on February 22, 2021, when Plaintiff's grievance, Grievance #112-7-20, was denied by the Administrative Review Board, *see Wilson v. Wexford Health Sources, Inc.,* 932 F.3d 513, 518 (7th Cir. 2019) (stating that the plaintiff's statute of limitations clock "did not begin to run until his administrative grievance was denied"). Plaintiff also does not argue against Defendants' contention that the Court received his Complaint on March 21, 2023, after the statute of limitations expired on February 22, 2023. Rather, Plaintiff invokes the prison mailbox rule and argues that his Complaint should be deemed filed on September 14, 2021 or February 22, 2023, when he first attempted to file his Complaint. (Doc. 110, pp. 4–5). In the alternative, he asserts the doctrine of equitable tolling and argues that he was prevented from timely filing the Complaint by prison staff.

Plaintiff delineates three circumstances in which his ability to file a complaint before the statute of limitations expired was impeded due to circumstances outside of his control. He claims that he first attempted to file a complaint with the Court on September 14, 2021, while at Menard. (Doc. 110, p. 2). He states that he handed the complaint to the staff person who was "doing mail pickup" in West House. Early the following morning, Plaintiff was transferred to Pontiac Correctional Center (Pontiac) without receiving confirmation that the complaint had been successfully filed with the Court. At some point, Plaintiff discovered that the complaint had not been filed. When he spoke to staff at Pontiac about the missing complaint, he asserts that he was instructed to refile the complaint. (*Id.*).

Next, Plaintiff claims that he was prevented from filing a complaint from November 30, 2021, through February 17, 2023, because he was in segregation at Pontiac and denied access to his legal property and to the law library. (Doc. 110, p. 2).

When Plaintiff was released from segregation, he claims that he was again thwarted from timely submitting a complaint. (Doc. 110, p. 3). Once Plaintiff was no longer housed in

segregation, he drafted a new complaint and handed the new draft to a correctional officer on February 22, 2023. According to Plaintiff, the correctional officer mistakenly placed the complaint in Plaintiff's property box, rather than the prisoner mailbox to be filed with the Court. Plaintiff states that he discovered that the new complaint had not been filed when he received his property box and legal files on March 10, 2023, and he saw the complaint in with his other belongings. Plaintiff notified Lieutenant Zimmerman that he had a court deadline and that his complaint had not been filed with the Court. Plaintiff contends that his Complaint should be deemed filed on the dates he originally handed his complaint to staff for electronic filing, either September 14, 2021 or February 22, 2023, or the Court should toll the statute of limitations due to interference with his access to the courts.

Although dismissal under Rule 12(c) is appropriate when the statute of limitations has expired, the Court should only grant a 12(c) motion when "it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Guise v. BWM Mortg., LLC,* 377 F.3d 795, 798 (7th Cir. 2004). That is not the case here.

The prison mailbox rule holds that "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). According to Plaintiff, he gave his complaint to Menard staff for filing first on September 14, 2021, the complaint was lost, and so he redrafted and submitted the complaint to staff at Pontiac for filing on February 22, 2023. Both submissions are within the statute of limitations. While there may be questions regarding Plaintiff's credibility or whether he tendered his complaints in accordance with prison policy and can actually benefit from the rule, Defendants do not point to anything in the Complaint refuting these assertions. The Court cannot deem the

Complaint untimely on its face when it was signed February 20, 2023, and Plaintiff asserts that he submitted it to staff for filing on February 22, 2023. Plaintiff's claims are not "indisputably time-barred," at the pleading stage based on the prison mailbox rule. *See Small v. Chao,* 398 F.3d 894, 898 (7th Cir. 2005). Accordingly, the Motion for Judgment on the Pleadings is **DENIED,** and the Court need not address Plaintiff's additional equitable tolling arguments.

**IT IS SO ORDERED.**

**DATED: March 3, 2026**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**

Case 3:23-cv-00912-SPM   Document 113   Filed 03/03/26   Page 7 of 7   Page ID #512